UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO M. BOBADILLA SANTIAGO,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 1:24-cv-00531-CDB<br><br>ORDER REQUIRING DEFENDANT TO PAY SANCTIONS OF $100 PER DAY<br><br>(Doc. 8) |

On May 4, 2023, Plaintiff Mario M. Bobadilla Santiago ("Plaintiff") initiated this action in Superior Court of the State of California, County of Kern. (Doc. 1). Defendant Nissan North America, Inc. ("Defendant") removed the action to this Court on May 3, 2024. *Id.*

On May 6, 2024, the Clerk of the Court issued case opening documents. (Doc. 4). The documents included an order of the undersigned directing the parties to complete and return the provided "Consent / Decline of U.S. Magistrate Judge Jurisdiction" form within 14 days of removal of the action. (Doc. 4-1 at 2). The order further provided: "The parties are strongly encouraged to submit their consent forms before the filing of any motion, so the motion can be noticed before the proper judge. Failure to do so may result in the court vacating a hearing or declining to resolve the motion until all consent designations have been submitted." *Id.*

On May 21, 2024, Plaintiff filed a motion to remand. (Doc. 6). On June 3, 2024, Defendant filed an opposition to Plaintiff's motion. (Doc. 7). Because neither party complied with the Court's

1

order directing return of the aforementioned consent/decline forms, on June 5, 2024, the Court entered a minute order directing the parties to review the case opening documents, complete the consent/decline forms, and return them within five days.  (Doc. 8).  Although the undersigned is unable to review filed consent/decline forms, he is informed that Plaintiff timely complied with the Court's order.  *See* (Doc. 9).  More than five days have passed since entry of the Court's order and Defendant has failed to file a consent/decline form.  *See* Fed. R. Civ. P. 6(a)(1).

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained.  *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate

disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id.*

Here, despite the Court's May 6 order directing the parties to timely return a consent/decline form and the Court's June 5 order directing the parties to remedy their noncompliance, Defendant has failed to comply with the Court's orders. *See* (Docs. 4-1, 8). Accordingly, the Court finds that monetary sanctions are appropriate to compel Defendant to comply with this Court's orders. Therefore, to gain Defendant's compliance, a $100 sanction shall be imposed on Defendant commencing on the date of this order and shall continue to be imposed each day thereafter until Defendant returns a consent/decline form. Defendant's filing of the consent/decline form on the date of this order will not relieve Defendant of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 pm.

Based on the foregoing, IT IS HEREBY ORDERED, Defendant shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until Defendant's consent/decline form is filed with this Court.

IT IS SO ORDERED.

Dated: **June 12, 2024**

UNITED STATES MAGISTRATE JUDGE