UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO M. BOBADILLA SANTIAGO,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 1:24-cv-00531-KES-CDB<br><br>**ORDER REQUIRING DEFENDANT AND COUNSEL TO SHOW CAUSE IN WRITING WHY DAILY SANCTIONS SHOULD NOT CONTINUE AND WHY FULL SANCTION AMOUNT SHOULD NOT BE IMPOSED AND REPORTED TO STATE BAR**<br><br>(Doc. 12)<br><br>**14-Day Deadline** |

**Background**

On May 4, 2023, Plaintiff Mario M. Bobadilla Santiago ("Plaintiff") initiated this action in Superior Court of the State of California, County of Kern. (Doc. 1). Defendant Nissan North America, Inc. ("Defendant") removed the action to this Court on May 3, 2024. *Id*.

On May 6, 2024, the Clerk of the Court issued case opening documents. (Doc. 4). The documents included an order of the undersigned directing the parties to complete and return the provided "Consent / Decline of U.S. Magistrate Judge Jurisdiction" form within 14 days of removal of the action. (Doc. 4-1 at 2). The order further provided: "The parties are strongly encouraged to submit their consent forms before the filing of any motion, so the motion can be noticed before the proper judge. Failure to do so may result in the court vacating a hearing or declining to resolve the motion until all consent designations have been submitted." *Id.*

1

On May 21, 2024, Plaintiff filed a motion to remand. (Doc. 6). On June 3, 2024, Defendant filed an opposition to Plaintiff's motion. (Doc. 7). Because neither party complied with the Court's order directing return of the aforementioned consent/decline forms, on June 5, 2024, the Court entered a minute order directing the parties to review the case opening documents, complete the consent/decline forms, and return them within five days. (Doc. 8). Although the undersigned is unable to review filed consent/decline forms, he is informed that Plaintiff timely complied with the Court's order. *See* (Doc. 9). More than five days passed following entry of the Court's order and Defendant failed to file a consent/decline form. *See* Fed. R. Civ. P. 6(a)(1).

Accordingly, on June 12, 2024, the Court issued an order requiring Defendant to pay sanctions of $100 per day until Defendant filed a consent/decline form. (Doc. 10) (*citing inter alia* Local Rule 110). That same day, Defendant filed said form. (Doc. 11). In light of Defendant's filing of the consent/decline form, the Court discharged its show cause order and imposed a $100 sanction to be paid within 14 days (*e.g.*, no later than June 27, 2024) for Defendant's repeated failures to comply with orders of the Court. *See* (Doc. 12 at 3) ("Defendant's filing of the consent/decline form on the date of this order will not relieve Defendant of the sanction imposed commencing on this date"). The Court further ordered Defendant to file proof of payment with the Court within three days of completing payment. *Id*. To date, Defendant has failed to file proof of payment and the docket reflects no other entry suggesting Defendant has satisfied his obligation to timely pay sanctions.

The Court's sanctions order additionally provided:

> IT IS FURTHER ORDERED that if such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from June 27, 2024 until full payment is received.

*Id.*

**Discussion**

Here, despite the Court's repeated admonitions to Defendant to file a jurisdiction consent/decline form, Defendant complied with the Court's direction only after it entered an order imposing sanctions. (Docs. 4-1, 8, 1-, 11). Among other things, because Defendant failed to timely pay the previously imposed $100 sanction, daily sanctions recommenced on June 27,

2

2024, and will reach an additional amount of $750 on the date of this order (July 11, 2024), for a sanction presently in arrears in the total amount of $850. Pursuant to California law, "a court shall notify the State Bar of any of the following: . . . (3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)." Cal. Bus. & Prof. Code § 6086.7(a)(3).

It is not clear whether Defendant or its counsel are even aware of the ongoing daily sanctions, and counsel may have neglected to read the order entirely, or otherwise failed to address it. The Court shall afford Defendant and its counsel an opportunity to explain why the total sanction amount already compiled as of this date should not be imposed in total, jointly and severally against Defendant and its counsel. The Court may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of Court the $100 sanction previously imposed.

To be clear to Defendant and its counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began on June 27, 2024, and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until Defendant and counsel comply with the June 12, 2024, order and this order.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that on or before July 25, 2024, Defendant Nissan North America, Inc., and counsel Charles F. Harlow, Michael Donn Mortenson, and Stephen H. Dye shall show cause in writing why the cumulative, previously imposed sanction and daily sanction amount set to reach $850 as of the date of this order (July 11, 2024), shall not be jointly and severally imposed, why such sanction shall not be reported to the State Bar of California, and why daily sanctions shall not continue to be imposed

IT IS SO ORDERED.

Dated:   **July 11, 2024**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE