**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIO M. BOBADILLA SANTIAGO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 1:24-CV-00531-KES-CDB<br><br>ORDER GRANTING MOTION TO REMAND<br><br>(Doc. 6) |

Plaintiff Mario M. Bobadilla Santiago ("Santiago") filed this case in Kern County Superior Court alleging that defendant Nissan North America, Inc., ("Nissan") violated multiple provisions of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1790–1795.8 (West 1970). Defendant removed the action to this court based on diversity jurisdiction. Doc. 1 ("Notice of Removal"). In response, plaintiff filed the pending motion to remand. Doc. 6 ("Mot. to Remand"). For the reasons stated below, the court grants plaintiff's motion.

**I.     Factual Background**

This action arises out of plaintiff's purchase of a 2020 Nissan Murano. Compl. ¶¶ 8, 16–57. When plaintiff purchased the vehicle, Nissan provided a warranty which guaranteed that the vehicle would be free from a variety of defects. *Id.* ¶¶ 4, 17. However, plaintiff alleges that soon

1

1 after the purchase, the vehicle began to exhibit serious problems. Compl. ¶ 18. Plaintiff also
2 alleges that he took the vehicle to an authorized Nissan repair facility, but that defendant was
3 unable to have the vehicle repaired appropriately and did not replace the vehicle or provide a
4 refund. *Id.* ¶¶ 23–25.

5       On May 4, 2023, plaintiff filed a complaint in Kern County Superior Court asserting three
6 violations of the Song-Beverly Act: breach of express warranty, breach of implied warranty, and
7 violation of Song-Beverly Act § 1793.2. *Id.* ¶¶ 16–57. Plaintiff seeks rescission of the purchase
8 contract and restitution, civil penalties in the amount of two times plaintiff's actual damages, and
9 attorneys' fees, among other things. *See id.* at 11. The complaint did not state an amount in
10 controversy. *See id.*; Notice of Removal at ¶¶ 6–7; Mot. to Remand at 8–9.

11       On October 24, 2023, plaintiff served a Case Management Conference Statement
12 ("CMS") on defendant which stated that plaintiff sought restitution damages under the Song-
13 Beverly Act in excess of $50,000, civil penalties which are two times the actual damages, and
14 attorneys' fees in excess of $20,000. Doc. 6-7 at 8; Mot. to Remand at 8–9. On May 3, 2024,
15 over five months after it received the CMS, defendant removed the case to this court, invoking
16 the court's diversity jurisdiction. Notice of Removal. Defendant contends that it had notice that
17 the amount in controversy was over $75,000 only after the conclusion of its own investigation,
18 when it uncovered the sales contract for plaintiff's vehicle. *Id.* ¶ 7. Defendant asserts that it
19 removed the case within thirty days of completing its investigation. *Id.*

20       Plaintiff moves to remand the action to Kern County Superior Court, arguing that Nissan's
21 removal was untimely because the CMS rendered it "unequivocally clear and certain" that the
22 amount in controversy was above $75,000. Mot. to Remand. Plaintiff also seeks an order to
23 show cause pursuant to Rule 11(c)(3), arguing that defendant's removal violates Rule 11(b) and
24 justifies the imposition of sanctions. *Id.* Defendant filed an opposition, Doc. 7 ("Opp'n"), and
25 plaintiff replied, Doc. 15 ("Reply").

26 **II.**    **Legal Standard**

27       A suit filed in state court may be removed to federal court if the federal court would have
28 had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case

originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

To remove a case to federal court, the defendant must timely file a notice of removal.  28 U.S.C. § 1446(a)–(c).  The notice of removal must be filed either: (1) within thirty days of receipt of the complaint, 28 U.S.C. § 1446(b)(2)(B); or (2) "if the case stated by the [complaint] is not removable," within thirty days of receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3).  *See also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005).  For purposes of removal based on diversity jurisdiction, "other paper" establishing the amount in controversy includes "information relating to the amount in controversy in the record of the State proceeding."  28 U.S.C. § 1446(c)(3)(A).

The latter thirty-day clock for removal begins when an amended pleading, motion, order, or other paper makes a ground for removal "unequivocally clear and certain."  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).  Statements by a plaintiff's counsel can render the amount in controversy unequivocally clear and certain if they reflect a "reasonable estimate" of the relief requested by the plaintiff.  *See Cohn v. PetSmart Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").  The statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability; multiplying or adding figures clearly stated is an aspect of that duty.  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 2013).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (quoting *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.

2009) ("The defendant bears the burden of establishing that removal is proper.").

### III. Discussion and Analysis

Whether defendant's removal on May 3, 2024, was timely depends on whether the CMS that plaintiff served on Nissan on October 24, 2023, constitutes "other paper" that made the amount in controversy, and therefore the ground for removal, "unequivocally clear and certain." *Dietrich*, 14 F.4th at 1095. The parties agree that the complaint did not disclose a basis for removal but that diversity of citizenship and the amount in controversy are now satisfied. *See* Opp'n at 9. The parties disagree as to whether the CMS rendered the amount in controversy "unequivocally clear and certain." If it did, defendant's opportunity to remove expired on November 23, 2023, thirty days after receipt of the CMS. *See* 28 U.S.C. § 1446(b)(3).

The CMS states:

> Plaintiff seeks rescission of the purchase contract, restitution of all monies expended for the vehicle, incidental and consequential damages, civil penalties in the amount of two times Plaintiff's actual damages, diminution in value, prejudgment interest, reasonable attorneys' fees and costs of suit, general, special, and actual damages according to proof at trial. Plaintiff's restitution damages are in excess of $50,000.00 and attorney's fees and costs are currently in excess of $20,000.00.

Doc. 6-7 ("CMS") at 8.

Defendant argues that the language of the CMS is "boilerplate" and is therefore not a reasonable estimate of the amount in controversy because plaintiff's counsel's firm included the same or nearly identical language in the case management conference statements filed in hundreds of similar cases brought against defendant. However, the use of consistent language in similar Song-Beverly Act cases against defendant does not preclude the CMS in this case from setting out a reasonable estimate of the amount plaintiff seeks. The CMS alerts defendant that plaintiff seeks restitution for more than $50,000 spent on the vehicle, civil damages which are twice as much, and attorneys' fees. Even if the precise amount of money paid for the vehicle in each case was different, these allegations sufficiently establish the required amount in controversy.

The plain language of the CMS renders it "unequivocally clear and certain" that the

amount in controversy is above $75,000.  Applying the same methodology defendant later used to calculate the amount in controversy in its notice of removal — adding the price of the vehicle, the civil penalties of two times the vehicle's price, and an estimate of reasonable attorneys' fees up to that point, *see* Notice of Removal ¶¶ 21, 26 — the CMS estimated that the amount in controversy was at least $170,000.  Although defendant's later investigation discovered that the actual price of the vehicle was slightly lower than the CMS's estimate for plaintiff's restitution damages, defendant still arrived at an amount in controversy of at least $155,566.48, Notice of Removal ¶ 26, further confirming that the amount in the CMS was a "reasonable estimate" of the amount in dispute.  *See Cohn*, 281 F.3d at 840; *Lewis*, 627 F.3d at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

Nissan's argument also conflicts with the position it has taken in at least seven other cases.  In those cases, Nissan relied on essentially identical CMS filings in removing the cases to federal court on the ground that the CMS established the amount in controversy.[1]  Nissan argued that the CMS was an "amended pleading, motion, order or other paper that makes the case

---

[1] *See* Reply at 4–6; Docs. 15-4–15-10, Exs. 1–7.  Plaintiff requests that the court take judicial notice of the removal notices defendant filed in these seven federal cases, *see* Reply at 4–6: Notice of Removal, *Jara Jara v. Nissan N.A., Inc.*, No. 2:23-cv-10461 (C.D. Cal. Dec. 14, 2023), Doc. 1; Notice of Removal, *Cerpas v. Nissan N. Am., Inc.*, No. 8:23-cv-02371 (C.D. Cal. Dec. 14, 2023), Doc. 1; Notice of Removal, *Prince v. Nissan*, Case No. 5:23-cv-02333-SSS-SP (C.D. Cal. Nov. 14, 2023), Doc. 1; Notice of Removal, *Robles v. Nissan*, No. 2:24-cv-00489 (C.D. Cal. Jan. 18, 2024), Doc. 1; Notice of Removal, *Quinones v. Nissan*, No. 2:23-cv-10303 (C.D. Cal. Dec. 7, 2023), Doc. 1; Notice of Removal, *Islas et al. v. Nissan*, No. 3:23-cv-02315 (S.D. Cal. Dec. 19, 2023), Doc. 1; Notice of Removal, *Tucker v. Nissan*, No. 3:24-cv-00524 (N.D. Cal. Jan. 26, 2024), Doc. 1.  The court "must take judicial notice of a fact if a party requests it and supplies the necessary information."  Fed. R. Evid. 201(c).  The fact must be "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).  A court may "take judicial notice of the *existence* of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents."  *GemCap Lending, LLC v. Quarles & Brady LLP*, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017) (emphasis in original).  Nissan does not dispute that it filed these notices of removal.  Plaintiff's request for judicial notice of these filings is granted.

removable." *See, e.g.*, Notice of Removal at 6, *Jara Jara v. Nissan N. Am., Inc.*, No. 2:23-cv-10461 (C.D. Cal. Dec. 14, 2023), Doc. 1; *see also Bryant v. Nissan N.A., Inc.*, No. 2:24-cv-03373, 2024 WL 3220713 (C.D. Cal. June 28, 2024). As other district courts have found, Nissan "cannot have it both ways by relying on the CMS [to remove] in one case . . . and ignoring it in another." *Hill v. Nissan N. Am., Inc.*, No. 24-cv-04031, 2024 WL 3086018, at *2 (C.D. Cal. June 20, 2024); *see also Bryant*, 2024 WL 3220713, at *2.

The court agrees with other district courts that have previously rejected Nissan's argument and found that a CMS with identical language rendered the amount in controversy "unequivocally clear and certain." *See Bryant*, 2024 WL 3220713; *Mariscal v. Nissan N. Am., Inc.*, No. 2:24-cv-03668, 2024 WL 3086016 (C.D. Cal. June 20, 2024); *Hill*, No. 24-cv-04031, 2024 WL 3086018 (C.D. Cal. June 20, 2024); *Avalos v. Nissan N. Am., Inc.*, No. 24-cv-3908, 2024 WL 3106742 (C.D. Cal. June 21, 2024); *Ramirez v. Nissan N. Am., Inc.*, No. 5:24-cv-00946, 2024 U.S. Dist. LEXIS 116045 (C.D. Cal. July 1, 2024); *Melgoza v. Nissan N. Am., Inc.*, No. 24-cv-0884, 2024 U.S. Dist. LEXIS 118444 (C.D. Cal. July 5, 2024); *Garcia v. Nissan N. Am., Inc.*, No. 2:24-cv-04082, 2024 U.S. Dist. LEXIS 121263 (C.D. Cal. July 9, 2024).

Defendant's opportunity to remove expired on November 23, 2023, and it untimely filed its notice of removal over four months later. As defendant failed to remove this action within thirty days of service of the CMS, defendant's removal was untimely under 28 U.S.C. § 1446(b). Accordingly, plaintiff's motion to remand is granted.[2]

///

///

///

---

[2] Plaintiff also requests that the court issue an order to show cause to Nissan pursuant to Rule 11(c)(3). There is a strong presumption against the imposition of Rule 11 sanctions. *See Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344–45. Given that the multiple decisions granting remand based on an identical CMS were decided after Nissan removed this case, the court will not issue an order to show cause under Rule 11(c)(3) in this case. *See Bryant*, 2024 WL 3220713, at *2 n.2.

**IV.     Conclusion and Order**

Based upon the foregoing, Plaintiff's motion to remand, Doc. 6, is **GRANTED**. The Court ORDERS:

1. This action is REMANDED to the Kern County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.
2. The Clerk of Court shall mail a copy of this order to the clerk of the Kern County Superior Court.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 12, 2024

_____
UNITED STATES DISTRICT JUDGE

7